JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CAITLIN DUBOIS

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary L. Flitter, Andrew M. Milz, Jody T. Lopez-Jacobs, Flitter Milz, P.C.
450 N. Narberth Avenue, Suite 101, Narberth, PA 19072 (610) 822-0782

## DEFENDANTS
PEOPLES COMMERCE, INC. & SHERIDAN TOWING, LLC

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. Section 1667
Brief description of cause:
Consumer Leasing Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE April 25, 2018
SIGNATURE OF ATTORNEY OF RECORD   /s/ Cary L. Flitter

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CAITLIN DUBOIS | : | CIVIL ACTION |
| v. | : | |
| PEOPLES COMMERCE, INC. & SHERIDAN TOWING, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 4/25/18 | *(signature)* | CARY L. FLITTER |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 610-822-0782 | 610-667-0552 | cflitter@consumerslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 256 W. Montgomery Avenue, Apt. 7, Haverford, PA 19041

Address of Defendant: 1001 Ridge Pike, Conshohocken, PA 19428; 526 Lee Road, Norwood, PA 19074

Place of Accident, Incident or Transaction: Montgomery County, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Consumer Leasing Act, 15 U.S.C. Sect. 1667

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
           Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 25, 2018   [signature]   35047
              Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAITLIN DUBOIS,<br>256 W. Montgomery Avenue, Apt. 7<br>Haverford, PA 19041,<br>      Plaintiff,<br><br>vs.<br><br>PEOPLES COMMERCE, INC.<br>1001 Ridge Pike<br>Conshohocken, PA 19428,<br><br>SHERIDAN TOWING, LLC<br>526 Lee Road<br>Norwood, PA, 19074-1310,<br>      Defendants. | CIVIL ACTION<br><br>NO. |

## **COMPLAINT**

### I.  **INTRODUCTION**

1. This is a consumer protection case arising out of a lease between Plaintiff Caitlin Dubois and Defendants Peoples Commerce, Inc.

2. Defendant Peoples Commerce, Inc. is a "buy here, pay here" car lot that leased a high mileage 2005 Chrysler Sebring ("Chrysler") to Plaintiff for over $13,000 in payments.

3. Defendant Peoples Commerce, Inc.'s lease is defective as it does not provide the disclosures required under the federal Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*

4. Defendant Peoples Commerce, Inc. unreasonably represented to Plaintiff that the Chrysler was valued at $8,995, which was almost three times the fair market value of the Chrysler.

5. What's more, the Chrysler turned out to be a lemon. Plaintiff has been charged more than $6,000 for the Chrysler in replacement parts and services, which Peoples Commerce, Inc. has refused to pay for and/or reimburse.

1

6. Although Defendant Peoples Commerce, Inc. warranted the engine for the life of the vehicle, it has refused to honor this warranty when the engine needed to be replaced.

7. At the direction of Defendant Peoples Commerce, Inc.'s, Defendant Sheridan Towing, LLC unlawfully repossessed the Chrysler even though Plaintiff was current on payments.

8. Defendants' conduct violates the federal Consumer Leasing Act, 15 U.S.C. § 1667 *et seq.* ("CLA"), the Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1 *et seq.* ("UTPCPL"), the Uniform Commercial Code, 13 P.S. § 2A101 *et seq.*, and other state laws.

## II. JURISDICTION

9. Jurisdiction arises under 28 U.S.C. § 1331 with respect to Plaintiff's claims under the CLA and FDCPA.

7. The Court has supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims. 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of Pennsylvania, as the operative events took place within this district.

## III. PARTIES

10. Plaintiff Caitlin DuBois (hereinafter "Plaintiff" or "DuBois") is an adult individual who resides at the address captioned above.

11. Defendant Peoples Commerce, Inc. ("PCI") is a Pennsylvania Corporation with a principal place of business located at the address captioned above.

12. Defendant Sheridan Towing, LLC ("Sheridan") is a Pennsylvania Limited Liability Company with a principal place of business at the address captioned above.

13. Sheridan is in the business of repossessing vehicles.

14. Sheridan's principle purpose is the enforcement of security interests.

2

## IV.   FACTUAL ALLEGATIONS

*Defendant's defective lease*

15.   In August 2016, Plaintiff signed a Closed End Motor Vehicle Lease ("Lease") for a used 2005 Chrysler Sebring (the "Chrysler"), in which Plaintiff is the "lessee" and PCI is the "lessor." A copy of the Lease is attached as Exhibit "A" hereto.

16.   The automobile was leased for personal, family or household purposes.

17.   The CLA and its implementing regulation, Regulation M, require that certain disclosures in a consumer lease be made in a clear and conspicuous manner. 15 U.S.C. §1667a; 12 C.F.R §1013.4(i).

18.   Under the CLA and Regulation M, a lease must set forth "A statement of whether or not the lessee has the option to purchase the leased property, and: (1) End of lease term. If at the end of the lease term, the purchase price; and (2) During lease term. If prior to the end of the lease term, the purchase price or the method for determining the price and when the lessee may exercise this option." 12 C.F.R §1013.4(i).

19.   The purpose of the CLA "is to provide consumers with meaningful information about the component and aggregate costs of consumer leases, so they can make better informed choices between leases, and between leases and credit sales." *Miller v. Nissan Motor Acceptance Corp.*, 362 F.3d 209, 216 (3d Cir. 2004).

20.   PCI's form lease provides:

> Purchase Option at End of Lease Term. ☐ You have an option to purchase this Vehicle at the end of the Lease term for $ 4,299.00 _____ with a purchase option fee of N/A. The purchase option price does not include official fees such as those for taxes, tags, licenses and registration. ☐ You do not have an option to purchase this Vehicle at the end of the Lease term.

21.   As such, PCI's Lease does not clearly and conspicuously indicate whether Plaintiff has the option to purchase the Chrysler at the end of the lease. (Ex. A).

3

22. PCI's Lease fails to conform to the CLA and Regulation M and is defective. 15 U.S.C. §1667a; 12 C.F.R §1013.4(i).

### *PCI misrepresents the value of the Chrysler*

23. While Plaintiff deciding on which vehicle to lease at PCI's lot, PCI told Plaintiff that she only had two vehicle options: the Chrysler or a Subaru that had been stolen twice.

24. Because of Plaintiff's credit circumstances, Plaintiff was substantially limited in her vehicle/lease choices.

25. Plaintiff ultimately leased the Chrysler. While Plaintiff was in the process of leasing the Chrysler, PCI represented to her that the value of the Chrysler was $8,995.00.

26. As it turns out, the Chrysler—which had 127,402 miles on it—was worth substantially less.

27. On information and belief, the fair market value of the Chrysler was approximately $3,000.

28. When agreeing to the lease, Plaintiff relied upon PCI's representation as to the value of the Chrysler.

29. Plaintiff paid an unreasonable amount for the lease of the Chrysler at this unreasonably inflated value.

### *The Chrysler exhibits many mechanical problems and facts of its essential purpose*

30. During the term of the lease, the Chrysler broke down at least seven times and required substantial repairs costing at least $6,394.00.

31. Plaintiff paid for a number of replacement parts, including a new engine, radiator, tire, camshaft seals, thermostat, and fuel pump.

### *PCI refuses to comply with its express warranty*

32. At the time of the signing of the Lease, PCI told Plaintiff that the Chrysler's engine was protected by a warranty.

33. Under the terms of the warranty, PCI warranted the engine for the entire life of the Chrysler.

34. Despite this warranty, PCI refused to pay for the cost of replacing the Chrysler's engine.

### *Defendants unlawfully repossess Plaintiff's vehicle*

35. In December 2017, the Chrysler broke down yet again.

36. Plaintiff took the Chrysler to Exton Nissan for repairs.

37. While the Chrysler was awaiting repairs, and while the Chrysler sat in Exton Nissan's lot without an engine, PCI repossessed and/or ordered Sheridan to repossess the Chrysler.

38. Plaintiff was current on all Lease payments.

39. Plaintiff had not defaulted under the Lease.

40. When Plaintiff called PCI to inform them of their illegal repossession, a PCI representative named "Mike" told her that PCI repossessed the vehicle at Exton Nissan's request, but this was false.

41. During the phone call, PCI's representative accused Plaintiff of being a liar.

42. PCI charged Plaintiff for its repossession expenses, despite the repo being unlawful.

43. PCI later accused Plaintiff of being late on payment of the wrongfully assessed repossession expenses.

44. On the same day PCI repossessed the Chrysler, PCI returned the Chrysler to Exton Nissan.

45. PCI returned the Chrysler to the Exton Nissan and/or ordered it to be returned because PCI had no present right to possess the Chrysler under the Lease.

46. Defendants had no right to repossess the Chrysler.

## COUNT I
## FEDERAL CONSUMER LEASING ACT
### Caitlin DuBois v. Peoples Commerce, Inc.

47. Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

48. Plaintiff is a "person" and "lessee" as defined under the CLA, 15 U.S.C. § 1667(2) and the implementing regulations at 12 C.F.R. §1013.2(g) and (k).

49. PCI leases automobiles to consumers throughout Pennsylvania through the use of a "Consumer Lease" as defined under the CLA, 15 U.S.C. § 1667(1) and 12 C.F.R. §1013.2(e).

50. PCI is a "lessor" as defined under the CLA, 15 U.S.C. § 1667(3) and 12 C.F.R. §1013.2(h).

51. PCI violated the CLA and Regulation M by using a consumer lease in its transaction with Plaintiff which does not conform to the requirements of the Act.

52. PCI's Lease does not provide the disclosures in the form and manner required under the CLA and Regulation M, including as to Plaintiff's right to purchase the Chrysler at the end of the lease.

53. As a result of said PCI's conduct, Plaintiff has been damaged by not having the benefit of the mandated disclosures.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendant Peoples Commerce, Inc., for:

(a) Damages, 15 U.S.C. § 1667d, § 1640(a);

(b)     Attorney's fees and costs; and

(c)     Such other further relief as this Court deems just and appropriate.

**COUNT II**
**UNIFORM COMMERCIAL CODE**
**(Breach of Express Warranty)**
**Caitlin DuBois v. Peoples Commerce, Inc.**

54.     Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

55.     At the time of leasing, PCI told Plaintiff that the Chrysler's engine for the life of the Chrysler.

56.     PCI expressly warranted that the Chrysler's engine for the life of the Chrysler. 13 Pa. C.S. § 2A210.

57.     PCI refused to honor this express warranty when the engine required replacing.

58.     As a result of PCI's conduct, Plaintiff has suffered damages. 13 P.S. § 2A508 (d).

WHEREFORE, Plaintiff prays that this Court enter judgment against PCI, for:

(a)     Actual damages;

(b)     Attorney's fees and costs; and

(c)     Such other further relief as this Court deems just and appropriate.

**COUNT III**
**UNIFORM COMMERCIAL CODE**
**(Lease unconscionability)**
**Caitlin DuBois v. Peoples Commerce, Inc.**

59.     Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

60.     The Uniform Commercial Code prohibits the making of any unconscionable leases or unconscionable lease terms. 13 P.S. § 2A108.

61. When Plaintiff was deciding on which vehicle to lease, PCI presented Plaintiff with only two options for vehicles to lease: the Chrysler or a vehicle that had been stolen twice.

62. When Plaintiff was deciding whether to lease the Chrysler, PCI represented to Plaintiff that the value of the Chrysler was $8,995.00.

63. At the time, the Chrysler's market value was approximately $3,000.

64. Plaintiff relied on PCI's representation as to the value of the Chrysler in making her decision to lease the Chrysler.

65. Plaintiff paid an unconscionable amount to lease the Chrysler.

66. Plaintiff was not given a fair opportunity to lease a vehicle at or near to a fair market value.

67. As a result of PCI's conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays that this Court enter judgment against PCI, for:

(a) Actual damages;

(b) Equitable relief, including but not limited to voiding the lease;

(c) Attorney's fees and costs; and

(d) Such other further relief as this Court deems just and appropriate.

## COUNT IV
## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### Caitlin DuBois v. Peoples Commerce, Inc.

68. Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

69. PCI is a person under the UTPCPL. 73 P.S. § 201-2(2).

70. The UTPCPL prohibits persons from "[r]epresenting that goods or services have . . . characteristics . . . that they do not have" 73 P.S. § 201-2(4)(v).

71. The UTPCPL also prohibits persons from "[r]epresenting that goods or services are of a particular standard, quality or grade . . . if they are of another" 73 P.S. § 201-2(4)(vii).

72. PCI's representations as to the value of the vehicle violates the above provisions of the UTPCPL.

73. Plaintiff purchased the vehicle in reliance upon PCI's representations.

74. As a result of PCI's conduct, Plaintiff has suffered ascertainable losses in the form of paying an inflated amount for the vehicle.

WHEREFORE, Plaintiff prays that this Court enter judgment against PCI, for:

(a) Actual damages;

(b) Statutory damages;

(b) Attorney's fees and costs; and

(c) Such other further relief as this Court deems just and appropriate.

## COUNT V
## CONVERSION/TRESPASS TO CHATTELS
### Caitlin DuBois v. Peoples Commerce, Inc. & Sheridan Towing, LLC

75. Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

76. Plaintiff was lawfully in possession of the Chrysler under the terms of the Lease.

77. Defendants PCI and Sheridan repossessed Plaintiff's Chrysler and/or ordered it to be repossessed, and deprived Plaintiff of her lawful use of the Chrysler.

78. At the time of repossession, Plaintiff was current on all Lease payments.

79. At the time of repossession, Plaintiff had not breached the Lease.

80. Defendants took Plaintiff's Chrysler without her consent, without lawful justification, and without a lawful right to possession.

9

81. As a result of each Defendants intentional, willful and reckless conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff Caitlin DuBois demands judgment against Defendants PCI and Sheridan, jointly and severally, for the following:

(a) Actual damages;

(b) Punitive damages; and

(c) Such other and further relief as the Court deems just and proper.

## V. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: *April 25, 2018*

*/s/ Cary L. Flitter*
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS

**FLITTER MILZ, P.C.**
450 N Narberth Ave, Suite 101
Narberth, PA 19072
(610) 266-7863
**Attorneys for Plaintiff**

# EXHIBIT "A"

# CLOSED END MOTOR VEHICLE LEASE

Lease Number: P008266  Lease Date: 08/17/2016  Scheduled Lease End Date: 02/16/2020

**Lessee Name:** [redacted]
**Address & Phone:** 5200 HILLTOP DR APT RB7, BROOKHAVEN, PA 19015 (856) [redacted]

**Co-Lessee Name:** N/A
**Address & Phone:** N/A

**Co-Lessee Name:** N/A
**Address & Phone:** N/A

**Guarantor Name:** N/A
**Address & Phone:** N/A

**Lessor Name:** PEOPLE'S COMMERCE
**Address & Phone:** 1001 W RIDGE PIKE, CONSHOHOCKEN, PA 19428 (610) 239-7300

"We", "us" and "our" mean the lessor. "You" and "your" mean the lessee. This document governs your Lease with us. Each person who signs this Lease is individually liable to us for all Lease obligations. "The Vehicle" is the vehicle described below that you are leasing from us. You agree to pay all amounts due under this Lease and fulfill all your obligations under this Lease. The Consumer Leasing Act Disclosures are also terms of this Lease. You are leasing the Vehicle and have no ownership rights in it unless you exercise your purchase option, if any. In this Lease, "e" means an estimate.

## 1. CONSUMER LEASING ACT DISCLOSURES

| Amount Due at Lease Signing or Delivery (itemized below)* | Periodic Payments Your periodic payments are due SEMI-MONTHLY. Your first periodic payment of $159.06 is due on 09/01/16 followed by 82 periodic payments of $159.06 due ON THE 1ST AND 16TH OF EACH MONTH. ☐ If this box is checked, your periodic payments are due as follows: N/A | Other Charges (not part of your periodic payment) Disposition fee (if you do not purchase the Vehicle) $ 0.00  N/A $ 0.00  N/A $ 0.00  Total $ 0.00 | Total of Payments (The amount you will have paid by the end of the Lease) |
|---|---|---|---|
| $ 1.00 | The Total of your Periodic Payments is $ 13201.98 | | $ 13202.98 |

### *Itemization of Amount Due at Lease Signing or Delivery

**Amount Due at Lease Signing or Delivery:**
- Capitalized cost reduction $ 0.92
- First periodic payment $ 0.00
- Refundable security deposit $ 0.00
- Title fees $ 0.00 Registration fees $ 0.00 $ 0.00
- N/A $ 0.00
- N/A $ 0.00
- CCR TAX 0.08/SLS TAX 0.00 $ 0.08
- N/A $ 0.00
- N/A $ 0.00
- **Total** $ 1.00

**How the Amount Due at Lease Signing or Delivery will be paid:**
- Net trade-in allowance $ 0.00
- Rebates and non cash credits $ 0.00
- Total amount of N/A paid in deferred payments $ 0.00
- $ N/A due N/A  $ N/A due N/A
- $ N/A due N/A  $ N/A due N/A
- $ N/A due N/A  $ N/A due N/A
- $ N/A due N/A  $ N/A due N/A
- Amount to be paid in cash $ 1.00
- N/A $ 0.00
- **Total** $ 1.00

### Your Periodic Payment is determined as shown below:

- Gross capitalized cost. The agreed upon value of the Vehicle ($ 8998.00) and any items you pay over the Lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) ............ $ 9454.00
- Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the gross capitalized cost ............ $ 0.92
- Adjusted capitalized cost. The amount used in calculating your base periodic payment ............ = $ 9453.08
- Residual value. The value of the Vehicle at the end of the Lease used in calculating your base periodic payment ............ – $ 1799.00
- Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease term ............ = $ 7654.08
- Rent charge. The amount charged in addition to the depreciation and any amortized amounts ............ + $ 4458.11
- Total of base periodic payments. The depreciation and any amortized amounts plus the rent charge ............ = $ 13012.19
- Lease payments. The number of payments in your Lease ............ ÷ 83
- Base periodic payment ............ = $ 148.93
- Periodic sales/use tax (e) ............ + $ 13.13
- N/A ............ + $ 0.00
- **Total Periodic Payment** ............ = $ 159.06

**Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

**Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of a rate of 10000 miles per year (prorated based on the total number of scheduled periodic payments) at the rate of $ 0.05 per mile.

**Purchase Option at End of Lease Term.** ☐ You have an option to purchase the Vehicle at the end of the Lease term for $ 1799.00 and a purchase option fee of $ N/A. The purchase option price does not include actual fees such as those for taxes, tags, licenses and registration. ☐ You do not have an option to purchase the Vehicle at the end of the Lease term.

**Other Important Terms.** See your Lease document for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

Customer Initials: [signature]

AUTOSTAR SOLUTIONS, INC., THE PRINTER, MAKES NO WARRANTY EXPRESS OR IMPLIED AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.